Citation Nr: 1456933 
Decision Date: 12/31/14 Archive Date: 01/09/15

DOCKET NO. 07-04 406 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Muskogee, Oklahoma


THE ISSUES

1. Entitlement to service connection for left knee disability, to include as secondary to service-connected bilateral pes planus.

2. Entitlement to service connection for back disability, to include as secondary to service-connected bilateral pes planus.


REPRESENTATION

Appellant represented by: Oklahoma Department of Veterans Affairs


ATTORNEY FOR THE BOARD

R. Costello, Associate Counsel


INTRODUCTION

The Veteran served on active duty from January 1989 to May 1990 and from November 1990 to November 1998.

These matters come before the Board of Veterans' Appeals (Board) on appeal from a May 2005 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Muskogee, Oklahoma. 

In September 2014, the Board remanded this case to the Agency of Original Jurisdiction (AOJ) for due process concerns regarding the Veteran's request for a Travel Board hearing before a Veterans Law Judge of the Board.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

A review of the record shows that this matter is not ready for appellate disposition because of an outstanding travel board hearing request by the Veteran. 

In January 2007, the Veteran submitted a substantive appeal, in which she requested to testify before a Veterans Law Judge at a Travel Board hearing. See 38 C.F.R. 
§ 20.700 (2014). The record did not demonstrate that the RO scheduled the requested hearing and the Veteran's case was remanded by the Board in September 2014. In November 2014, after being provided notice that a videoconference hearing was scheduled for December 2014, the Veteran sent notice that she wished to decline the December 2014 video hearing, and preferred to wait for a future visit by a member of the Board. Therefore, a remand is required in this case to schedule the Veteran for a Travel Board hearing so that she may provide evidence in support of her claims. See 38 U.S.C.A. § 7107(b) (West 2002); 38 C.F.R. § 20.700(a).

Accordingly, the case is REMANDED for the following action:

Schedule the Veteran for a Travel Board hearing in accordance with the procedures set forth at 38 C.F.R. 
§§ 20.700(a), 20.704(a) (2014). 

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).




_________________________________________________
MICHELLE L. KANE
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).